UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| In re: | Case No. 20-44895 |
| JAMES WORTHAM-THOMAS, IV, and SHEKINAH THOMAS, | Chapter 7 |
| Debtors. / | Judge Thomas J. Tucker |
| DANA WATTLEY, as Administratrix of the Estate of Anderson David C. Biggers, Jr., | |
| Plaintiff, | Adv. Pro. No. 20-04352 |
| v. | |
| JAMES WORTHAM-THOMAS, IV, | |
| Defendant. | |
| and | |
| JAMES WORTHAM-THOMAS, IV, and SHEKINAH THOMAS, | |
| Plaintiffs, | |
| v. | |
| DANA WATTLEY, as Administratrix of the Estate of Anderson David C. Biggers, Jr., | |
| Defendant. / | |

**OPINION REGARDING PLAINTIFF'S MOTION TO DISMISS
AMENDED COUNTERCLAIMS**

**I. Introduction**

This adversary proceeding is before the Court on the Plaintiff's motion to dismiss the

amended counterclaims filed by the Defendant James Wortham-Thomas, IV and his wife,

Shekinah Thomas (the "Defendants").[1] The motion is entitled "Motion to Dismiss Defendant/Counter-Plaintiffs' Original and Amended Counter-Complaint with Prejudice" (Docket # 61 the "Motion"). The Defendants filed a response, objecting to the Motion (Docket # 62). The Court concludes that a hearing on the Motion is not necessary, and that the amended counterclaims in the Amended Counter-Complaint (Docket # 58) must be dismissed.[2]

**II. Discussion**

**A. The amended counterclaims are property of the bankruptcy estate in Defendants' pending Chapter 7 bankruptcy case, which only the Chapter 7 Trustee may prosecute.**

The counterclaims, as alleged by the Defendants, arose before their Chapter 7 bankruptcy case was filed on April 8, 2020. The Amended Counter-Complaint alleges two counts against the Plaintiff Dana Wattley, as Administratrix of the Estate of Anderson David C. Biggers, Jr. (the "Plaintiff"). Those are Count I (Intentional Infliction of Emotional Distress) and Count II (Negligent Infliction of Emotional Distress).[3] The allegations stated in both of these counts are based upon conduct of the Plaintiff's Decedent occurring "[o]n or about May 27, 2017."[4]

---

[1] Shekinah Thomas is not actually a defendant in this adversary proceeding, but for ease of reference in this Opinion, the Court will refer to Shekinah Thomas and Defendant James Wortham-Thomas collectively as the "Defendants."

[2] To the extent that the Motion seeks dismissal of the Defendants' original counter-complaint, it must be denied as moot. "An amended complaint supersedes an earlier complaint for all purposes." *In re Refrigerant Compressors Antitrust Litig.,* 731 F.3d 586, 589 (6th Cir. 2013) (citing *Pac. Bell Tel. Co. v. Linkline Commc'ns, Inc.,* 555 U.S. 438, 456 n.4 (2009)). "Therefore, any motions directed at the original complaint are moot in the face of the filing of the amended complaint." *Sango v. Johnson*, No. 13-12808, 2014 WL 4658379 at *1 (E.D. Mich. May 22, 2014) (denying, as moot, the plaintiff's motion for summary judgment on the original complaint). *See also Malik v. AT & T Mobility LLC*, No. 1:08-cv-234, 2008 WL 4104555 (W.D. Mich. Aug. 29, 2008) (denying, as moot, the defendant's motion to dismiss or, in the alternative, for partial summary judgment on the original complaint).

[3] Amended Counter-Complaint (Docket # 58) at pdf pp. 3-4.

[4] *Id.* at pdf pp. 3-4 ¶¶ 10-12 and 14-16.

Because the counterclaims arose pre-petition, they are property of the bankruptcy estate in the Defendants' Chapter 7 case. *See* 11 U.S.C. § 541(a)(1); *Ukrainian Future Credit Union v. Garak* (*In re Garak*), 569 B.R. 684, 685 (Bankr. E.D. Mich. 2017). "This means that unless and until the Chapter 7 Trustee abandons these claims under 11 U.S.C. § 554, or the claims otherwise are no longer property of the bankruptcy estate, only the Chapter 7 Trustee has standing and authority to pursue these claims." *Id.* (citing *Auday v. Wet Seal Retail, Inc.,* 698 F.3d 902, 904 (6th Cir. 2012); *Michigan First Credit Union v. Smith* (*In re Smith*), 501 B.R. 325, 325-26 (Bankr. E.D. Mich. 2013); *In re Stinson*, 221 B.R. 726, 729, 731 n.3 (Bankr. E.D. Mich. 1998)).

The Chapter 7 Trustee in the Defendants' bankruptcy case has not abandoned the counterclaims under § 554. At this time, the counterclaims remain, at least in part, property of the bankruptcy estate.

In amendments to Schedule A/B filed by the Defendants on October 25, 2020, the Defendant James Wortham-Thomas ("James") valued his claim at $500,000, and Shekinah Thomas ("Shekinah") valued her claim at $250,000.[5] James claimed exemptions of $10,100.00 under 11 U.S.C. § 522(d)(5); $25,150.00 under § 522(d)(11)(D); and $464,750.00 under § 522(d)(11)(A).[6] Shekinah claimed exemptions of $10,850.00 under § 522(d)(5) and $ 25,150.00 under § 522(d)(11)(D).[7]

---

[5] Case No. 20-44895 Docket # 55 at pdf p. 8.

[6] Case No. 20-44895 Docket # 55 at pdf p. 13.

[7] Case No. 20-44895 Docket # 55 at pdf pp. 16-17.

On November 9, 2020, upon stipulation of the Defendants and the Chapter 7 Trustee, the Court entered an order in the underlying bankruptcy case entitled "Order Concerning Exemption of Possible Claims and Counter-Claims" (the "Exemption Order").[8] The Exemption Order states that "the Debtor's §§ 522(d)(11)(D) and 522(d)(11)(A) exemptions and the Co-Debtor's § 522(d)(11)(D) exemption for the potential claims or counter-claims and/or its proceeds are held in abeyance," without prejudice to (1) the Defendants' right to reassert the exemptions by filing an amended Schedule C after the claims have been liquidated, and (2) the Chapter 7 Trustee's right to file timely objections to any amended Schedule C.[9] The Exemption Order did not address the § 522(d)(5) exemptions, and the Trustee has not filed objections to those exemptions.

The result of all this is that James currently has an allowed exemption of $10,100.00 in the counterclaims, and Shekinah currently has an allowed exemption of $10,850.00 in the counterclaims.

Thus, the counterclaims currently are only partially exempt, in amounts far less than the values ascribed to them by the Defendants. So the counterclaims remain, in large part, property of the bankruptcy estate. *See Auday v. Wet Seal Retail, Inc.,* 698 F.3d at 905. Under these circumstances, the Defendants' continuing prosecution of the counterclaims would violate the automatic stay under 11 U.S.C. § 362(a)(3), which, among other things, stays "any act . . . to

---

[8] Case No. 20-44895 Docket # 60.

[9] *Id.*

4

exercise control over property of the [bankruptcy] estate." *See Auday*, 698 F.3d at 905; *Garak*, 569 B.R. at 685. As a result, the counterclaims must be dismissed.[10]

**B. If and to the extent the amended counterclaims belong to the Defendants and are not property of the bankruptcy estate, this Court lacks subject matter jurisdiction over them.**

The Defendants contend that their counterclaims arose, at least in part, after they filed their bankruptcy case on April 8, 2020. For example, in paragraphs 6 and 7 of the Amended Counter-Complaint, Defendants allege that:

> Both James Wortham-Thomas IV and Shekinah Thomas have experienced extreme stress, anxiety, sleeplessness, loss of consortium, and inability to hold a steady job arising from the armed robbery incident itself, and from the actions of Dana Wattley, personally, and in her capacity as Executor of the Estate of Anderson David C. Biggers Jr.
>
> Certain actions of Dana Wattley pre-date the filing of the Chapter 7 bankruptcy case and other actions do not pre-date the filing of the Chapter 7 bankruptcy estate [sic]. **To the extent that this Court may find that Dana Wattley may be personally liable to James Wortham-Thomas IV and Shekinah Thomas for matters arising after the date of the Chapter 7 case, such liability is not property of the Chapter 7 bankruptcy estate and James Wortham-Thomas IV and Shekinah Thomas may proceed without leave of the Chapter 7 Trustee**.[11]

But the Court concludes that the Amended Counter-Complaint cannot be interpreted as alleging any post-petition claims. As was stated previously, the substantive counts of the Amended Counter-Complaint, Counts I and II, allege claims based solely on the pre-petition conduct of the Plaintiff's Decedent.

---

[10] The Court's conclusion on this issue makes it unnecessary to reach the other arguments made in the Plaintiff's Motion regarding the prepetition counterclaims.

[11] Docket # 58 at pdf p. 3 ¶¶ 6-7 (emphasis added).

In any event, even if the Amended Counter-Complaint could be read to allege any post-petition claims, this Court would have to dismiss those claims, for lack of subject matter jurisdiction.

"This Court has subject matter jurisdiction over 'all cases under title 11,' and over 'all civil proceedings' (1) 'arising under title 11' or (2) 'arising in' a case under title 11 or (3) 'related to' a case under title 11." *Allard .v Coenen* (*In re Trans-Industries, Inc.*), 419 B.R. 21, 26 (Bankr. E.D. Mich. 2009) (citing 28 U.S.C. §§ 1334(b), 157(a), 157(b)(1), and L.R. 83.50(a) (E.D. Mich.)). An adversary proceeding is a "civil proceeding" under 28 U.S.C. § 1334(b), "so that, in order for the Court to have jurisdiction, this adversary proceeding must fit within one of the three categories of civil proceedings listed in § 1334(b)." *Id.* at 27.

"The phrase 'arising under title 11' describes those proceedings that involve a cause of action created or determined by a statutory provision of title 11, and 'arising in' proceedings are those that, by their very nature, could arise only in bankruptcy cases." *Id.* The counterclaims alleged in this case do not fit into either of those categories. Thus, for this Court to have subject matter jurisdiction over any post-petition counterclaims of the Defendants, jurisdiction would have to be based upon the third category — "related to" jurisdiction.

> "The usual articulation of the test for determining whether a civil proceeding is related to bankruptcy is whether *the outcome of that proceeding could conceivably have any effect on the estate being administered in bankruptcy*. Thus, the proceeding need not necessarily be against the debtor or against the debtor's property. An action is related to bankruptcy if the outcome could alter the debtor's rights, liabilities, options, or freedom of action (either positively or negatively) and which in any way impacts upon the handling and administration of the bankrupt estate."

*Id.* at 28 (quoting *Michigan Employment Sec. Comm'n v. Wolverine Radio Co., Inc.,* 930 F.2d 1132, 1142 (6th Cir. 1991) (italics in original)).

In a Chapter 7 case, a debtor's claims based upon post-petition conduct generally are not property of the bankruptcy estate.[12] 11 U.S.C. § 541(a)(1) (property of the estate consists of "all legal or equitable interests of the debtor in property as of the commencement of the case."); *Marshall v. PNC Bank,* 491 B.R. 217, 230 (Bankr. S.D. Ohio 2012). Therefore, any recovery on a post-petition claim would have no impact on the administration of the bankruptcy estate, and this Court would not have "related to" jurisdiction over any post-petition counterclaim alleged in the Defendants' Amended Counter-Complaint. *Id.; see also Sicherman v. Crosby* (*In re Rivera*), 379 B.R. 728, 731 (Bankr. N.D. Ohio 2007) (where the court found that it was without "related to" jurisdiction to adjudicate a debtor's legal malpractice claim arising out of post-petition conduct).

### III. Conclusion

For the reasons stated in this Opinion, the Court will enter an order dismissing Defendants' amended counterclaims.

**Signed on March 4, 2021**



/s/ Thomas J. Tucker
**Thomas J. Tucker**
**United States Bankruptcy Judge**

---

[12] The Defendants acknowledge this in the Amended Counter-Complaint. (*See* Docket # 58 at pdf p. 3 ¶ 7).