UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

In re:

JAMES WORTHAM-THOMAS, IV,
and SHEKINAH THOMAS,

        Debtors.
_____/

DANA WATTLEY, ETC.,

        Plaintiff,

vs.

JAMES WORTHAM-THOMAS, IV,

        Defendant.
_____/

Case No. 20-44895

Chapter 7

Judge Thomas J. Tucker

Adv. No. 20-4352

## ORDER OF ABSTENTION, GRANTING RELIEF FROM STAY, AND REIMPOSING STAY OF THIS ADVERSARY PROCEEDING

On April 28, 2021, the Court entered an order entitled "Order Granting, with Modifications, Plaintiff's Abstention Motion, Granting Limited Relief from the Automatic Stay, and Cancelling the Final Pretrial Conference and Trial in this Adversary Proceeding" (Docket # 133, the "April 28, 2021 Order"), which contained abstention provisions, and which, in part, modified

> [t]he automatic stay under 11 U.S.C. § 362(a) . . . to permit the resumption, and the continuation to completion, by the Plaintiff and the Defendant of the civil action filed in state court in North Carolina[1] by Plaintiff against Defendant and Ryan Gregory Douglas Powell, including any appeals (the "North Carolina action")[,]

(April 28, 2021 Order at ¶ 2), and stayed "[all proceedings in this adversary proceeding . . . until the completion of the North Carolina action." (*Id*. at ¶ 7).

---

[1] [That "North Carolina action" was Case No. 19-CVS-3233, then pending in the General Court of Justice, Superior Court Division, State of North Carolina, County of Mecklenberg.]

The Defendant filed a status report in this case on February 14, 2023 (Docket # 141), indicating that the Plaintiff voluntarily dismissed the North Carolina action, without prejudice, on January 31, 2023. The Plaintiff filed a status report on March 3, 2023 (Docket # 144), stating that the Plaintiff "has a year from the date of dismissal to reopen her case." The Court interprets the Plaintiff as saying that because the North Carolina Action was voluntarily dismissed without prejudice on January 31, 2023, North Carolina law permits the Plaintiff to file a new action in the North Carolina state court, asserting the same claim(s) as before against the Defendant, any time on or before January 31, 2024.

Under the circumstances, the Court concludes that the stay of this adversary proceeding, which was imposed by the April 28, 2021 Order, ended on January 31, 2023, when the Plaintiff voluntarily dismissed the North Carolina action. The Court further concludes, however, that for the same reasons the Court entered the April 28, 2021 Order, the Court now should continue to abstain, should reimpose a stay of this adversary proceeding, and again should grant stay relief, to permit the Plaintiff to re-file her claim(s) against Defendant in the North Carolina court, and prosecute the claim(s) to completion. The Court now will continue and reimpose the key provisions of the April 28, 2021 Order, in modified form, regarding abstention, stay relief, and a stay of this adversary proceeding.

Accordingly,

IT IS ORDERED that:

1. The automatic stay under 11 U.S.C. § 362(a) is modified to permit the Plaintiff's re-filing as a new action, reopening, and/or resumption, and the continuation to completion, of the civil action previously filed in state court in North Carolina[2] by Plaintiff against Defendant and Ryan Gregory Douglas Powell, including any appeals (the "continued North Carolina action").

2. The automatic stay is **not** modified to permit any enforcement or collection, against Defendant, of any final judgment that is entered in the continued North Carolina action.

3. This Order is effective immediately; the 14-day stay under Fed. R. Bankr. P. 4001(a)(3) does not apply.

4. Under 28 U.S.C. § 1334(c)(1), this Court continues to abstain from deciding the following aspects of the Plaintiff's claims in this adversary proceeding: whether Defendant owes any debt to Plaintiff, and if so, the amount of such debt. This Court abstains in favor of the North Carolina state court(s) deciding those issues, in the continued North Carolina action.

---

[2] That civil action is Case No. 19-CVS-3233, which was pending in the General Court of Justice, Superior Court Division, State of North Carolina, County of Mecklenburg. *See* the North Carolina state court complaint, a copy of which is attached as Exhibit 1 to Plaintiff's Complaint in this adversary proceeding (Docket # 1).

5.  This Court does *not* abstain from deciding the following aspects of the Plaintiff's claims in this adversary proceeding: whether and to what extent any debt owing by Defendant to Plaintiff is nondischargeable under 11 U.S.C. § 523(a)(6), and whether this Court should deny Defendant's discharge under 11 U.S.C. § 727(a)(3).  This Court will decide those issues, as necessary, after the North Carolina state court decides the issues described in paragraph 4 of this Order.

6.  All proceedings in this adversary proceeding are stayed until the completion of the continued North Carolina action.  If the Plaintiff does not reopen, re-file, or resume the prior North Carolina action on or before January 31, 2024, the Court intends to then enter an order terminating the stay of this adversary proceeding.

7.  No later than June 30, 2023, the Plaintiff's attorney must file a status report, informing the Court of the status of the continued North Carolina action.

8.  Notwithstanding the stay imposed by this Order, either of the parties may file a new status report in this adversary proceeding at any time.

**Signed on March 30, 2023**



/s/ Thomas J. Tucker

**Thomas J. Tucker**
**United States Bankruptcy Judge**

3